[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S POST JUDGMENT MOTION TO FIX CHILD SUPPORT (#156)
On February 14, 1996, the marriage of the parties was dissolved. The parties have two minor children: Hannah Christie, born September 12, 1991, and Samuel Dickson, born November 19, 1993.
At the time judgment was entered, the Separation Agreement of the parties was incorporated by reference into the decree of dissolution. The Separation Agreement provided for the payment of unallocated alimony and child support for a period, through January 31, 2000. At that time a child support order would commence in an amount agreed upon by the parties, or as set by the court upon failure of agreement.
On February 14, 2000, while the present motion was pending, the parties entered into a stipulation that was approved and ordered by the court on that date. The stipulation provided that commencing February 1, 2000, the CT Page 9311 defendant would pay to the plaintiff, as child support, the sum of $10,000 per month until a hearing was held on the plaintiff's motion to fix child support. The stipulation further provided in the event the court ordered the defendant to pay less than $10,000 per month for child support, he would receive a credit for any amount paid in excess of the court's order. If the defendant was ordered to pay more than $10,000 per month, the new order would be retroactive to February 1, 2000.
On June 20, 2001, the court conducted a hearing on this motion. The parties presented evidence, and their counsel were heard on the matter.
The combined net incomes of the parties exceed the Child Support Guidelines. The presumptive support award for two minor children is $2,434 per month.
The court has considered the evidence in light of the criteria set forth in General Statutes, Section 46b-84.
The following orders may enter:
(1) Retroactive to February 1, 2000 the defendant shall pay to the plaintiff as child support the sum of $3,250 per month, per child, for a total of $6,500 per month. The payments shall be due on the first day of every month, in advance. They shall continue until each child's death, emancipation or reaching the age of majority, subject to the provisions of General Statutes, Section 46b-84(b), whichever event first occurs.
(2) Payment of the child support shall be made monthly by an electronic wire transfer of funds.
(3) The defendant has been paying monthly child support in the amount of $10,000 from February 1, 2000. He is entitled to a credit, pursuant to the prior stipulation of the parties, of the difference between $10,000 and the order entered today of $6,500, or $3,500 per month from February 1, 2000. A period of eighteen months has elapsed between February 1, 2000 and July 31, 2001. The defendant is entitled to a credit of $63,000 ($3,500 x 18).
Commencing January 1, 2003 and the first day of each month thereafter the plaintiff shall repay the amount due the defendant at the rate of $500 per month. At the plaintiff's option, she shall make the payments by issuing her check or authorizing the defendant to withhold said amount from his child support payments.
(4) The defendant shall provide and maintain at his expense medical, hospitalization and dental insurance on behalf of the minor children. The CT Page 9312 defendant shall provide the plaintiff with a description of the insurance and provide her with "the name of the issuing company and policy number. Section 46b-84(e) of the Connecticut General Statutes shall apply.
The responsibility for payment of all medical and dental expenses unreimbursed under the defendant's medical, hospitalization and dental insurance plans shall be as follows: the plaintiff shall pay 25% and the defendant 75% of all such expenses, however the plaintiff's obligation shall not exceed $1,500 per child per year. Said payments by the defendant, whether by way of reimbursement to the plaintiff or directly to the provider shall be made by the defendant within 30 days after he receives either the bill or notice that a charge was incurred.
Responsibility for the payment of all medical and dental bills incurred by using providers outside of the defendant's medical plans will be addressed in the memorandum issued on this date dealing with the modification motion concerning custody filed by the plaintiff.
This order supercedes and modifies paragraphs 7.1 and 7.2 of the Separation Agreement incorporated by reference in the judgment of dissolution entered on February 14, 1996.
Judgment may enter accordingly.
NOVACK, JUDGE TRIAL REFEREE